# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **Mirtha Nazire,** | ) | |
| | ) | |
| Plaintiff, | ) | Case: 1:23-cv-01948 |
| | ) | |
| v. | ) | |
| | ) | |
| **Wentworth Rehabilitation and Health Care Center, Inc. d/b/a Alden Wentworth Nursing Home,** | ) ) ) | **Jury Trial Demanded** |
| | ) | |
| Defendant. | | |

## COMPLAINT

Plaintiff, Mirtha Nazire ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Wentworth Rehabilitation and Health Care Center, Inc. d/b/a Alden Wentworth Nursing Home ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") for Defendant's sex based discrimination against Plaintiff in violation of Title VII to correct unlawful employment practices and to provide appropriate relief to Plaintiff who was adversely impacted by such practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant

operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under § 706 of Title VII, *42 U.S.C. §2000e-5*, have occurred or been complied with.

5. A charge of employment discrimination on basis of sex, sexual harassment and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights ("IDHR"). (Attached hereto as Exhibit "A").

6. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

7. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of his receipt of the EEOC's Notice of Right to Sue.

## PARTIES

8. At all times material to the allegations of this Complaint, Plaintiff, Mirtha Nazire resides in Cook County in the State of Illinois.

9. At all times material to the allegations in this Complaint, Defendant, Wentworth Rehabilitation and Health Care Center, Inc. d/b/a Alden Wentworth Nursing Home doing business in and for Cook County whose address is 201 W. 69th St., Chicago, IL 60621.

10. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

11. During the applicable limitations period, Defendant has had at least fifteen

employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

12. The Defendant, Wentworth Rehabilitation and Health Care Center, Inc. d/b/a Alden Wentworth Nursing Home hired, Mirtha Nazire, as a Certified Nurse's Assistant in August of 2019.

13. Throughout the Plaintiff's employment, the Plaintiff has experienced sexual harassment on a daily basis.

14. Plaintiff is a woman and is a member of a protected class because of her sex whom Defendant subjected to different terms and conditions of employment than others not within her protected class.

15. The Defendant subjected the Plaintiff to discrimination and sexual harassment because of her sex.

16. The discrimination was severe and pervasive and occurred on a daily basis. The Plaintiff had to endure humiliating and degrading comments that made the work environment hostile and unbearable due to the sexual harassment on the basis her being a woman.

17. The sexual harassment endured by the Plaintiff was a material change in term of the condition of employment, namely being harassed and humiliated.

18. The pervasive discrimination resulted in adverse employment actions.

19. Plaintiff met or exceeded Defendant's performance expectations during the entire duration of her employment.

20. For the duration of the Plaintiff's employment and on a daily basis, the Defendant discriminated against the Plaintiff because of her sex (female).

21. The Employer subjected the Plaintiff to sex discrimination, sexual harassment and retaliation.

22. The Defendant continues to violate the Plaintiff's rights by neglecting to provide a safe working environment.

23. On or around August of 2019 and shortly after the Defendant hired the Plaintiff, the Plaintiff began experiencing sexual harassment from a patient.

24. The patient would frequently make sexual advances and request sexual favors.

25. The Plaintiff reported these unwanted sexual comments and advances to her Administrator Jacob.

26. The Plaintiff's administrator did not address her concerns and the Defendant forced the Plaintiff to continue working with the patient.

27. On our around June of 2022, the Plaintiff was again scheduled to work with the patient.

28. The patient removed her undergarments and ordered the Plaintiff to perform a sexual act on her.

29. The Plaintiff did not respond and immediately informed her administrator of the situation.

30. The Defendant's administrator opened an investigation and was told that she would no longer be required to work with the patient.

31. Shortly after, the Defendant scheduled the Plaintiff to work with the patient again.

32. In or around August of 2022, the Plaintiff reached out to Jacob and the Defendant's corporate office for assistance; however, she did not receive any assistance or protection from this patient.

33. The Plaintiff has been discriminated based on her sex, female, was subjected to unwanted sexual harassment and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended.

## COUNT I
### Demand for Relief for Sex-Based Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

34. Plaintiff repeats and re-alleges paragraphs 1-33 as if fully stated herein.

35. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on her sex/gender, in violation of Title VII.

36. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

37. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

38. By reason of Defendant's discrimination, Plaintiff suffered severe harm and is entitled to all legal and equitable remedies under Title VII.

39. Plaintiff demands that this count be tried by a jury.

## COUNT II
### Sex-Based Sexual Harassment in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

40. Plaintiff repeats and re-alleges paragraphs 1-33 as if fully stated herein.

41. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of her sex, female, in violation of Title VII.

42. Defendant knew or should have known of the sexual harassment.

5

43. The sexual harassment was severe or pervasive.

44. The sexual harassment was offensive subjectively and objectively.

45. Plaintiff is a member of a protected class under Title VII, due to Plaintiff being female.

46. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT III
### Retaliation in Violation of 42 U.S.C. § 2000e, *et seq.*

47. Plaintiff repeats and re-alleges paragraphs 1-33 as if fully stated herein.

48. Plaintiff is a member of a protected class under Title VII.

49. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted unlawful sexual harassment and sex-based discrimination which created a sufficiently severe or pervasive work condition in violation of Title VII.

50. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII.

51. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of sexual harassment and sex discrimination.

52. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory conduct complained of by Plaintiff.

53. By virtue of the foregoing, Defendant retaliated against Plaintiff based on her reporting the sex-based discrimination, by leaving Plaintiff with no other choice but to be

constructively discharged due to the intolerable conditions, thereby violating Title VII.

54. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

55. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Pre-judgment and post-judgment interest;

    f. Injunctive relief;

    g. Liquidated damages;

    h. Punitive damages;

    i. Reasonable attorney's fees and costs; and

    j. For any other relief this Court may deem just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 28th day of March, 2023

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
SULAIMAN LAW GROUP LTD.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
E-mail: nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*